UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT W JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>SYRACUSE POLICE DEPARTMENT, Official Capacity,<br><br>Defendant. | 1:24-CV-01019-LLP<br><br>ORDER DISMISSING COMPLAINT |

Plaintiff, Robert W. Johnson, filed a civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Johnson sues the Syracuse Police Department (SPD) because officers failed to arrest Ronald Reid for alleged trespass on Johnson's property and failed to provide Johnson a restraining order against Reid.[1] *Id* at 4.

"[F]ederal courts are courts of limited jurisdiction." *United States v Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). A district court "has a special obligation to consider whether it has

---

[1] A search on PACER shows that Johnson has filed nearly identical lawsuits against the Syracuse Police Department in three other districts. *See Johnson v Syracuse Police Dep't*, 2:2024-CV-00146 (E.D. Ky.); *Johnson v Syracuse Police Dep't*, 1:2024-CV-01584 (S.D. Ind.); *Johnson v Syracuse Police Dep't*, 1:2024-CV-00131 (D. Mont.). From a search on PACER, Johnson appears to be a serial litigator filing multiple, nearly identical suits in various districts, against various defendants. *See* PACER, Public Access to Court Electronic Records, *Case Locator*, https://pcl.uscourts.gov (last visited Oct. 3, 2024). In 2024 alone, Johnson has filed approximately one-hundred lawsuits in federal district courts, according to PACER. *Id* Several courts have also warned Johnson about filing groundless or frivolous suits or enjoined him from filing without court leave. *See, e.g Johnson v Colvin Post Off*, 2024 WL 4240338, at *1 (D. Me. Sept. 19, 2024) (recommending enjoining Johnson from filing in the District of Maine without obtaining prior court permission); *Johnson v Coe*, 2019 WL 3543542, at *4 (S.D. Ohio Aug. 5, 2019) (barring Johnson from filing suit without court leave); *Johnson v Vera House, Inc*, 2022 U.S. Dist. LEXIS 48312, at *12 (D. Conn. Mar. 18, 2022) (enjoining Johnson from filing in District of Connecticut without leave of court).

subject matter jurisdiction in every case." *Hart v United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility 'to consider sua sponte [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'" *Id* (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The subject matter jurisdiction of this Court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute.

District courts have federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." *Biscanin v Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) (citing *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974)). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Id* (citing *Hagans*, 415 U.S. at 537–38). *See also Perpetual Sec , Inc v Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (finding claim foreclosed by circuit precedent was patently meritless and did not provide basis for federal question subject matter jurisdiction); *Bittner v RBC Capital Mkts* , 331 F. App'x 869, 870–71 (2d Cir. 2009). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N Y. v. Cnty of Oneida*, 414 U.S. 661, 666 (1974)).

Johnson attempts to assert federal claims against the SPD under 42 U.S.C. § 1983. Doc. 1 at 2–3 "A police department is an administrative arm of [a] municipal corporation" and "cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Baker v Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (citations omitted). "Section 1983 provides that an action may only be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws[,]'" and "[t]he New York City Police Department is not a 'person' within the meaning of section 1983 and is therefore[ ] not a suable entity." *Hester-Bey v. Police Dep't*, 2012 WL 4447383, at *1 (E.D.N.Y. Sept. 24, 2012). *See also Coleman v Syracuse Police Dep't*, 2016 U.S. Dist. LEXIS 97399, at *8 (N.D.N.Y. July 22, 2016) (holding that the Syracuse Police Department was not a suable entity separate from the city) *adopted by* 2016 U.S. Dist. LEXIS 106812 (N.D.N.Y. Aug. 12, 2016); *Henry v Cnty. of Nassau*, 6 F.4th 324, 336 (2d Cir. 2021) (holding that a police department was not a suable entity); *Ketchum v West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that a city police department is not a "juridical entit[y] suable as such"). Thus, Johnson's asserted claim for federal question jurisdiction is patently meritless.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity is "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v Terminix Intl Co*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prods Liab Litig*, 591 F.3d 613, 620 (8th Cir. 2010)). Johnson, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. *Sheehan v Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Even if Johnson could allege state-law claims against the SPD, he has not alleged those claims arising under diversity jurisdiction. Johnson lists that his address is

in New York, but he does not clearly identify where he is a citizen. He also claims that SPD is in New York. Thus, Johnson has not shown diversity jurisdiction. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." (citation omitted)).

Even if Johnson were to refile his complaint after fixing the jurisdictional deficiencies, the District of South Dakota is not the proper venue for him to bring suit. Venue is generally proper in a district where the defendant resides or where "a substantial part of the events or omissions giving rise to the claim occurred . . . " 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Johnson has not shown that the District of South Dakota is the proper venue for him to bring suit.

Accordingly, it is ORDERED:

1. That Johnson's complaint, Doc. 1, is dismissed without prejudice under Rule 12(h)(3).

2. That Johnson's motion for leave to proceed in forma pauperis, Doc. 2, is denied as moot.

DATED October 7ᵗʰ, 2024.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*[signature]*